# Foster *v.* Holley's Administrators.

*Action on Promissory Note, by Payee's Administrators against Maker.*

*Internal revenue stamp on note.* — Under the act of Congress approved July 13, 1866 (U. S. Stats. at Large, 1865–67, pp. 143–4, §§ 163, 165), a promissory note, dated and delivered in December, 1867, and payable one day after date, on which suit is brought in January, 1871, may be stamped when offered in evidence at the trial, unless the stamps were designedly omitted with intent to evade the Revenue Laws of the United States ; and where the stamps so affixed are cancelled by the plaintiff, in the presence of the court, before the note is offered in evidence, and the proper date is affixed to the cancellation, the failure to write the initials of the plaintiff's name on the stamp so cancelled does not affect its sufficiency.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. CHARLES PELHAM.

C. D. HUDSON, for appellant.

JAMES AIKEN, *contra*.

PETERS, C. J. — This is an action of debt founded on a promissory note for one hundred dollars, and was commenced in January, 1871. The note bears date on December 20, 1867, and became due one day after date. It was stamped with three two-cent United States revenue stamps, but these stamps were not affixed to the note when it was signed and issued, but sometime afterwards, and before the note was offered in evidence on the trial. These stamps were not cancelled, until this was done before the court at the trial. The note was objected to as evidence on the trial for these reasons, but permitted to go to the jury by the court against the defendant's objection; which objection was reserved by bill of exceptions. There was a verdict and judgment for the plaintiff in the court below, for the amount of the note, with interest and costs. From this judgment the defendant appeals to this court, and assigns as error the action of the court below permitting said note to go to the jury as evidence.

The note on which this suit is founded is not void for want of a proper stamp, but it is required to be stamped. It was not stamped at the time it was signed and issued; but it was stamped by affixing thereto legal stamps denoting the amount of the tax required in such a case, before it was offered in evidence. This, under section 163 of the Act of July 13, 1866, was sufficient. This act, which was the law then in force on this subject, declares, " That, hereafter, no deed, instrument, document, writing, or paper, required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded, or admitted, or used as evidence in any court, until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law." U. S. Stats. at Large, 1865–1867, p. 143, § 163, as there amended : "Act to reduce internal taxation, and to amend," &c., July 13, 1866. This act of Congress makes such instrument invalid, if not duly stamped when signed, or issued, or negotiated, or paid, " with intent to evade " the provisions of the Revenue Laws of the United States, and imposes a fine for a disregard of its provision ; but it does not take from the instrument its competency as evidence, if it is stamped in good faith before it is offered as evidence. U. S. Statutes at Large, 1865–1867, p. 144, § 165, *supra*.

I have not been able to find in the acts of Congress any provision upon the subject of stamps, that vitiates the instrument required to be stamped as evidence, because the stamp, after being affixed as required by law, had not been cancelled in the manner directed by law. Here the proper stamps were affixed to the note, and they were cancelled before the instrument was

[Foster *v.* Holley's Administrators.]

offered in evidence. That the cancellation was done in the presence of the court did not make it vicious. The cancellation is dated, but the initials of the person making the cancellation are not written on the stamps. When it is known that there may be large numbers of persons all over the country who might be unable to do this in consequence of a want of sufficient education, or other defects that the party himself could not remedy, it can hardly be supposed that Congress intended to obstruct and defeat the citizen's most important right — the right of making contracts — by such *minutiæ*, when the proper tax had been paid, and the law had been substantially complied with. The fact that many of the states of the Union have, by their highest courts, repudiated this power of the Congress to interfere with the rules and competency of evidence in the state court, and that it has been finally abandoned by repeal, is a sufficient justification to construe the provisions of the law with the utmost liberality towards the citizen. Bump's Internal Revenue Laws, ed. 1870, p. 327, and cases there cited in note *a.*

It is contended by the learned counsel for the appellant, that the repeal of so much of the Revenue Law as affects this case releases such a contract from the operation of the law in force before the repeal. This does not seem to be so intended. The repeal is special, and looks wholly to the future, and does not seem to be intended to operate on contracts previously entered into. It is not a repeal of the whole law, but only a repeal of so much as imposes taxes on certain instruments. It does not, therefore, affect this case. The repeal is in these words : " Sec. 36. That on and after the first day of October, 1872, all taxes imposed by stamps under and by virtue of Schedule B of section 170 of the act approved June 30, 1864, and the several acts amendatory thereof, be, and the same are hereby repealed, excepting only the tax of two cents on bank checks, drafts, or orders." U. S. Stats. at Large, 1871–1872, p. 256. The second *proviso* to this section of this act seems to show that this was the intention of the Congress. This provides in what manner the holder of any improperly stamped instrument, " which has been made or issued " without being duly stamped, may have the defect remedied.

The foregoing views lead to the conclusion that there is no error in the proceedings of the court below. The judgment of the Circuit Court is, therefore, affirmed.